## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Bay Networks, Inc., et al.

v.

City of Alexandria

March 21, 2001

Case No. (Law) CL000445

BY JUDGE ALFRED D. SWERSKY

The relief sought in the petition for relief from an erroneous assessment of business personal property taxes will be granted.

The facts, most of which are not in dispute, clearly show that petitioner (now Nortel Networks, Inc.) engaged in manufacturing not sales during the tax years 1996-2000 when the taxes were assessed. Thus, the personal property of petitioner is classified as "intangible personal property" and taxable only by the Commonwealth. Code of Virginia, § 58.1-1101(A)(2). *See, City of Winchester v. American Woodmark Corp.*, 250 Va. 451, 464 S.E.2d 148 (1995).

The City argues that because the business of petitioner (originally Bay Networks, Inc.), was conducted by separate corporate entities (Bay Networks Group, Inc., and Bay Networks USA, Inc.), including the filing of the personal property tax return and paying the taxes in question, there is a rebuttable presumption that they are engaged in a locally taxable business. *See,* Code of the City of Alexandria, § 9-1-2(4). Such an argument is disposed of in *Coca-Cola Bottling Co. v. County of Botetourt*, 259 Va. 559, 526 S.E.2d 746 (2000), when the court said, at page 563:

Whether a taxpayer's activities are considered as two separate businesses for tax purposes, however, is not determined by the formal structure of the taxpayer's functions or the taxpayer's relation to its

franchiser. Rather, that issue is determined by the manner in which the taxpayer actually conducts its business.

(Citation omitted.)

The court in *Coca-Cola* rejected a claim that the taxpayer's organizational structure determines its tax status.

The City's next argument is that the use of the taxed property was not for manufacturing but for sales and marketing. Petitioner contends and the evidence shows that the activities occurring in Alexandria were ancillary to its manufacturing business. *See, American Woodmark, supra*; *see also*, Va. Op. Atty. Gen., 214 (1996).

In the Bay Networks business model, the field offices were not sales offices but were used to gather "feedback" to the company to assist in manufacturing, for quality control purposes, for training and support of resellers, and as location for its support and engineering personnel.

While there were some sales and marketing, the court finds that these activities were ancillary to the manufacturing process. This is especially true since the evidence shows 65% of the sales were to distributors, 30% to value added resellers, and 5% to customers (end users). Sales were made from corporate headquarters directly to the distributors and resellers.

No separate and district sales and marketing business was conducted by petitioner so as to subject the personal property to local taxation. Therefore, even if petitioner is presumed to be engaged in a locally taxable business, the presumption has been rebutted.